United States District Court
Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11

12   MELINA RAZAVI,                         Case No. 5:15-cv-02574-HRL

             Plaintiff,
13
                                            **ORDER THAT CASE BE REASSIGNED**
        v.                                  **TO A DISTRICT JUDGE**
14
                                            **ORDER GRANTING APPLICATION**
15   SUPERCUTS SALON, REGIS                 **TO PROCEED IN FORMA PAUPERIS**
     CORPORATION, AND DOES 1-100,
16                                          **REPORT AND RECOMMENDATION**
             Defendants.                    **RE DISMISSAL FOR LACK OF**
17                                          **SUBJECT MATTER JURISDICTION**

18

19          Melina Razavi sues for personal injuries allegedly suffered during a visit to a Supercuts

20   salon.  She also moves for leave to proceed in forma pauperis (IFP).  For the reasons discussed

21   below, this court grants her IFP application, but recommends that her complaint be dismissed for

22   lack of subject matter jurisdiction.

23          A court may authorize the commencement of a civil action IFP if the court is satisfied that

24   the applicant cannot pay the requisite filing fees.  28 U.S.C § 1915(a)(1).  In evaluating such an

25   application, the court should "gran[t] or den[y] IFP status based on the applicant's financial

26   resources alone and then independently determin[e] whether to dismiss the complaint on the

27   grounds that it is frivolous."  Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  A

28   court may dismiss a case filed without the payment of the filing fee whenever it determines that

United States District Court
Northern District of California

1    the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

2    or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

3    1915(e)(2)(B)(i)-(iii).  This court notes that Razavi's application fails to state whether the

4    complaint she seeks to file raises claims that have been presented in other lawsuits.  (Dkt. 2 at 4).

5    Nevertheless, she qualifies financially for IFP status, and her IFP application therefore is granted.

6         Even so, the court has a continuing duty to determine whether it has subject matter

7    jurisdiction.  Fed. R. Civ. P. 12(h).  This court concludes that Razavi may not proceed with this

8    action here because there is no federal subject matter jurisdiction over this matter.

9         Razavi fails to show that jurisdiction is proper based on any federal law.  Federal courts

10   have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the

11   United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-

12   pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank,

13   129 S. Ct. 1262, 1272 (2009).  Plaintiff's complaint presents a personal injury claim arising only

14   under state law.  It does not allege any federal claims whatsoever.  And, it is not apparent that she

15   could plead any such claim.

16        Nor does this court find any basis for diversity jurisdiction.  Federal district courts have

17   jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of

18   $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C.

19   §1332.  Razavi fails to identify the citizenship of each defendant, and there is no indication that

20   the amount in controversy requirement is satisfied.

21        There being no basis for federal subject matter jurisdiction, Razavi's complaint should be

22   dismissed.

23        Because the parties have yet to consent to the undersigned's jurisdiction, this court

24   ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further

25   RECOMMENDS that the newly assigned judge dismiss the complaint.  Any party may serve and

26

27

28

2

1    file objections to this Report and Recommendation within fourteen days after being served.  Fed.

2    R. Civ. P. 72.

3             SO ORDERED.

4    Dated:   June 18, 2015

5                                                                  _____

6                                                                  HOWARD R. LLOYD
                                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    5:15-cv-02574-HRL A copy of this order sent on June 18, 2015 by U.S. Mail to:

2    Melina Razavi
3    1200 Franklin Mall
     Santa Clara, CA 95050

4
     Melina Razavi
5    P.O. Box 53034
     San Jose, CA 95153
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28