UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br><br>        Plaintiff,<br><br>    v.<br><br>REGIS CORPORATION,<br><br>        Defendant. | Case No. 5:15-cv-02574-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff Melina Razavi ("Plaintiff") filed this action against Defendant Regis Corporation ("Regis") after she was injured at a Supercuts Salon.  She claims that Regis was negligent and violated the Americans with Disabilities Act ("ADA").

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332.  Presently before the court is Regis' motion to dismiss under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5) and 12(b)(6).  See Docket Item No. 12.  Plaintiff opposes the motion.  See Docket Item No. 14.

Having carefully considered the relevant documents submitted by both parties, the court will reject all of Regis' arguments.  Accordingly, the motion to dismiss is denied for the reasons explained below.

## I.    BACKGROUND

Plaintiff alleges that Regis is a Minnesota Corporation doing business as Supercuts Salon, and that Regis operates and maintains a hair salon located on Curtner Avenue in San Jose, California.  See First Am. Compl. ("FAC"), Docket Item No. 7, at ¶¶ 2, 9.  According to Plaintiff, Regis "provided hair styling services to the general public" at the Curtner Avenue salon and "was in control, possession, and ownership of said business and property and the appurtenances

1

United States District Court
Northern District of California

1    thereto." Id. at ¶ 9.

2        Plaintiff alleges in the FAC that she suffered a stroke several years ago and is permanently

3    disabled such that she is "unable to care for herself or attend to many of her daily needs." Id. at ¶

4    11. "On or about" June 9, 2013, Plaintiff was "within and about" the Curtner Avenue salon and

5    informed the staff that she needed to have her hair washed. Id. at ¶¶ 10, 12. She also informed the

6    staff she was disabled and was unable to "to take care of this" on her own. Id. at ¶ 12.

7        Plaintiff alleges she was placed in a salon chair that was not designed for use by someone

8    with her particular disability. Id. at ¶ 13. Once seated, Plaintiff immediately told Regis

9    employees that she was not comfortable and that the chair was unsuitable for her. Id. Plaintiff

10   alleges the staff ignored her. Id.

11       Plaintiff was then told she needed to move from the chair. Id. at ¶ 14. In response to this

12   direction, Plaintiff stated she was unable to rise from the chair because it was not suited to her

13   disability. Id. Plaintiff alleges the salon staff insisted that she move and refused to assist her. Id.

14   Consequently, Plaintiff alleges that, "while getting in and out" of the salon chair, she was

15   "ensnared" and tripped, causing injury to her left ankle, left foot, left leg, and the left side of her

16   body. Id. at ¶¶ 27, 28. Plaintiff also alleges she sustained "shock and injury to her nervous

17   system." Id. at ¶ 28. She alleges her injuries will result in "some permanent disability," have

18   prevented her from "attending her usual occupations," and have required "physicians,

19   chiropractors, and physical therapists" to treat her. Id. at ¶¶ 28-30.

20       Plaintiff initiated this action on June 9, 2015. Her original "complaint" did not list any

21   claims, but sought "compensation for injuries, and for pain and suffering, among other damages"

22   from "Supercuts salon and their corporate [sic]" due to an incident on June 9, 2013. See Docket

23   Item No. 1. Plaintiff also attached a letter addressed to Supercuts dated June 19, 2013, and a

24   response letter from Regis dated June 21, 2013. Id. Plaintiff filed the FAC on July 6, 2015,

25   asserting two claims against Regis: negligence and violation of the ADA. The instant motion to

26   dismiss followed on August 31, 2015.

27

28

1

2

## II.   LEGAL STANDARD

### A.   Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4."  Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").  Mere notice that a lawsuit is pending is not sufficient.  Rohit Biochem Pvt. Ltd. v. Arya Group, Inc., No. CIV S-07-1575 FCD GGH, 2009 U.S. Dist. LEXIS 48740, at *3, 2009 WL 1635175 (E.D. Cal. June 10, 2009) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)).

Rule 12(b)(4) permits a defendant to "challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."  Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., No. CV-14-02139-MWF (VBKx), 2015 U.S. Dist. LEXIS 49954, at *21, 2015 WL 1608991 (C.D. Cal. Apr. 10, 2015) (citing 5B Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1353 (3d ed. rev. 2014)).  In contrast, Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint.  Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity.  Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)).  If service of process is insufficient under Rule 12(b)(4) or 12(b)(5), the court may dismiss an action or simply quash the service. See, e.g., S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1    complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

2    upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

3    appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

4    a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

5    Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

6    speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

7        When deciding whether to grant a motion to dismiss, the court generally "may not consider

8    any material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

9    1542, 1555 n. 19 (9th Cir. 1990).  However, the court may consider material submitted as part of

10   the complaint or relied upon in the complaint, and may also consider material subject to judicial

11   notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

12       In addition, the court must generally accept as true all "well-pleaded factual allegations."

13   Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the

14   light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

15   However, "courts are not bound to accept as true a legal conclusion couched as a factual

16   allegation."  Iqbal, 556 U.S. at 678.

17   **C.    Pro Se Pleadings**

18       Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be

19   construed liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court

20   "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

21   every reasonable or warranted factual inference in the plaintiff's favor."  McKinney v. De Bord,

22   507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the

23   frequently diffuse pleadings of pro se complainants."  Id.  A pro se complaint should not be

24   dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in

25   support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 521

26   (1972).

27

28

United States District Court
Northern District of California

III.   **DISCUSSION**

 A.   **Defective Service under Rules 12(b)(4) and 12(b)(5)**

  Under Rules 12(b)(4) and 12(b)(5), Regis argues it should be dismissed as a defendant because it was improperly served with the summons and complaint.  According to Regis, Plaintiff's allegation in the FAC that Regis does business as Supercuts is mistaken because Supercuts is a separate legal entity rather than one of Regis' trade names.  As such, Regis contends that service of process effectuated on it based on Plaintiff's allegation, rather than on Supercuts itself, was an error.

  Regis' argument is misplaced as a reason for dismissal under Rules 12(b)(4) and 12(b)(5).  This is so because Regis is neither challenging the form of the summons it received nor the manner in which it was served.  Looking first at what is relevant under Rule 12(b)(4), Rule 4(a)(1) sets forth the requirements for the content of a summons, including that it "name the court and the parties," "be directed to the defendant," state the name and address of plaintiff, "state the time within which the defendant must appear and defend," contain a notification concerning default judgment, be signed by the clerk, and bear the court's seal.  The summons that issued in this action satisfies the requirements of Rule 4(a)(1).  See Docket Item No. 10.  Regis does not argue otherwise.

  Turning to Rule 12(b)(5), the docket contains a proof of service from the United States Marshals Service, which the court ordered to complete service of process in this case, indicating that Regis was served at its Minnesota headquarters by certified mail on July 27, 2015.  See Docket Item No. 11.  Regis does not take issue with this method of service or claim the information in the proof service is untrue.

  Instead, Regis is essentially disputing a fact alleged in the FAC and claims that Plaintiff should have sued Supercuts directly rather than suing Regis.  But aside from there being no competent evidence in the record to support Regis' assertion, that a defendant claims to be the wrong party is not an argument contemplated by Rules 12(b)(4) or 12(b)(5), and Regis has not produced authority holding that such an argument constitutes a valid basis for dismissal or quashal

Case No.: 5:15-cv-02574-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

1    under those rules. The case relied on by Regis, <u>Wasson v. Riverside County</u>, 237 F.R.D. 423

2    (C.D. Cal. 2006), is of no assistance on that issue. In <u>Wasson</u>, the district court granted a motion

3    brought by a school district under Rules 12(b)(4) and 12(b)(5) and quashed service after the school

4    district showed it was neither named as a defendant in the plaintiffs' complaint nor listed as a

5    defendant on the summons it received. 237 F.R.D. at 424 ("[P]laintiffs have not attempted to even

6    minimally comply with the federal rules regarding the form and issuance of a summons, and the

7    Clerk of Court could not, and did not, issue a summons to School District since plaintiffs have not

8    named School District as a defendant in their complaint."). Those are not the facts of this case.

9    Here, in contrast, Regis is named as a defendant in both the summons and complaint and was

10    served with process accordingly.

11       Since it has not identified a qualifying defect in service, Regis will not be dismissed under

12    Rules 12(b)(4) and 12(b)(5).

13       **B.**     **Failure to State a Claim under Rule 12(b)(6)**

14       Under Rule 12(b)(6), Regis contends that Plaintiff failed to state plausible claims for

15    negligence and for violation of the ADA. The court disagrees with Regis.

16        **i.**     **Negligence**

17       In order to plead a claim for negligence under California law, a plaintiff must establish the

18    following elements: (1) the defendant owed a legal duty to use due care, (2) a breach of that duty,

19    and (3) the breach was the proximate or legal cause of the resulting injury. <u>Ladd v. Cnty. of San</u>

20    <u>Mateo</u>, 12 Cal. 4th 913, 917 (1996). Regis argues the FAC merely recites these elements without

21    sufficient factual enhancement and, in particular, does not demonstrate how Regis caused

22    Plaintiff's injury.

23       Regis is correct that "a formulaic recitation of the elements of a cause of action" is

24    inconsistent with the pleading standard that a plaintiff's complaint must satisfy. <u>Twombly</u>, 550

25    U.S. at 555. Indeed, such naked allegations are not entitled to a presumption of truth and, in turn,

26    do not "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

27    party to be subjected to the expense of discovery and continued litigation." <u>Eclectic Props. East,</u>

28

United States District Court
Northern District of California

1   LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014).  But that is not the case here.

2   Drawing all reasonable inferences in Plaintiff's favor (Usher v. City of Los Angeles, 828 F.2d

3   556, 561 (9th Cir. 1987)), Plaintiff has plausibly alleged each element of a claim for negligence

4   against Regis.

5          First, as already noted, Plaintiff alleges that Regis owns and operates the Curtner Avenue

6   salon and offers hair styling services to the general public at that location.  These allegations

7   sufficiently establish a basis to find that Regis owed Plaintiff a duty of care to maintain safe

8   conditions at the Curtner Avenue salon and to remove anything that could be dangerous to

9   patrons.  See Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (holding that a store owner owes

10  patrons a duty to exercise reasonable care in keeping store premises reasonably safe).

11         Second, Plaintiff alleges that Regis breached its duty to keep the Curtner Avenue salon

12  reasonably safe when it failed to remove, or failed to warn of, a chair capable of causing injury to

13  disabled patrons like Plaintiff.

14         Third, on the issue of causation, it can be reasonably inferred from Plaintiff's allegations

15  that, but for Regis' failure to remove or warn of the dangerous chair, Plaintiff would not have been

16  injured when she was told to sit in the chair and then told to get out of it.  Thus, under Plaintiff's

17  theory, the way in which Regis frames its challenge to the causation allegations is misplaced.  It is

18  not a matter of what Regis *did* that it makes it potentially responsible for Plaintiff's injury; it is

19  what Regis *did not do* that forms the basis of the specific negligence claim asserted in this case.

20         Because the FAC contains facts sufficient to make it plausible, the negligence claim will

21  not be dismissed under Rule 12(b)(6).

22         **ii.   ADA**

23         In support of a claim for violation of the ADA, Plaintiff alleges under 42 U.S.C. § 12102

24  that she is permanently disabled and that her physical impairments substantially limit one or more

25  of life's activities.  She further alleges the salon chair she utilized at the Curtner Avenue salon was

26  not in compliance with the ADA nor suitable for her, that she told staff she was uncomfortable in

27  the chair but was ignored, and that the chair constituted a barrier which caused her difficulty

28

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1  utilizing public accommodations at the facility.  Regis moves to dismiss this claim for two

2  reasons.  Neither is persuasive.

3           **a.  Statute of Limitations**

4           Regis argues the ADA claim, which appears to arise under Title III of that statute, is time-

5  barred.  See Sharkey v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015) ("The ADA is structured as

6  separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111-12117, covers

7  discrimination in employment; Title II, 42 U.S.C. §§ 12131-12165, covers discrimination in public

8  services; and Title III, 42 U.S.C. §§ 12181-12189, covers discrimination in public

9  accommodations and services operated by private entities.").  Under Title III, "[n]o individual

10  shall be discriminated against on the basis of disability in the full and equal enjoyment of the

11  goods, services, facilities, privileges, advantages, or accommodations of any place of public

12  accommodation."  42 U.S.C. § 12182(a).  Although the Ninth Circuit has not definitively decided

13  the issue, district courts apply a two-year statute of limitation to Title III claims.  See, e.g.,

14  Hartline v. Nat'l Univ., No. 2:14-cv-0635 KJM AC (PS), 2015 U.S. Dist. LEXIS 104094, at *10-

15  11, 2015 WL 4716491 (E.D. Cal. Aug. 7, 2015).

16           Here, Plaintiff alleges she was injured at the Curtner Avenue salon on or about June 9,

17  2013.  Based on that date, a timely ADA claim should have been filed on or before June 9, 2015.

18  Plaintiff did not assert the ADA claim, however, until she filed the FAC on July 6, 2015.  Thus,

19  absent some exception, the ADA claim appears to be untimely as pled.

20           Plaintiff argues, and Regis disputes, that the ADA claim in the FAC is not time-barred

21  because it relates back to the original complaint, which pleading was filed on the last date of the

22  limitations period.  Under Federal Rule of Civil Procedure 15(c), "[a]n otherwise time-barred

23  claim in an amended pleading is deemed timely if it relates back to the date of a timely original

24  pleading."  Asarco, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2013).  "[A]n

25  amendment asserting a new or changed claim relates back to the date of the original pleading if the

26  amendment 'arose out of the conduct, transaction, or occurrence set out . . . in the original

27  pleading.'"  Id. (quoting Fed. R. Civ. P. 15(c)(1)(B)).  "An amended claim arises out of the same

28

Case No.: 5:15-cv-02574-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

1   conduct, transaction, or occurrence if it 'will likely be proved by the same kind of evidence

2   offered in support of the original pleading.'" <u>Id</u>. (quoting <u>Percy v. S.F. Gen. Hosp.</u>, 841 F.2d 975,

3   978 (9th Cir. 1988)). "The relation back doctrine of Rule 15(c) is 'liberally applied.'" <u>Id</u>. (citing

4   <u>Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.</u>, 690 F.2d 1240, 1259 n.29 (9th

5   Cir. 1982)).

6        "[N]otice is an essential element in the relation back determination." <u>Id</u>. at 1006. "So long

7   as a party is notified of litigation concerning a particular transaction or occurrence, that party has

8   been given all the notice that Rule 15(c) requires." <u>Id</u>.

9        Liberally applying Rule 15(c) to this case, the court finds the ADA claim asserted in the

10  FAC relates back to the pleading Plaintiff filed on June 9, 2015. In the letter dated June 19, 2013,

11  which was submitted with the initiating pleading, there is a recount of what Plaintiff claims

12  occurred at the Curtner Avenue salon on June 9, 2013, including the alleged fact that Plaintiff was

13  injured while attempting to get out of a salon chair. Although this letter was addressed to

14  Supercuts rather than Regis, Plaintiff also attached what she states is Regis' written response to

15  the Supercuts letter. Accordingly, despite the fact that Plaintiff did not list claims against any

16  defendant in the original "complaint," that document and its attachments nonetheless provided

17  sufficient notice to Regis of the particular "occurrence" or set of facts at issue in this case. Those

18  facts have not materially changed in the FAC. Thus, the "complaint" provided to Regis "all the

19  notice that Rule 15(c) requires."

20       Regis' argument to the contrary is unpersuasive. Plaintiff did not assert "an entirely new

21  set of facts" in the FAC; as the court has observed, a comparison of the two pleadings reveals that

22  Plaintiff asserts the same facts in the FAC that she asserted in the original "complaint."

23  Furthermore, Rule 15(c)(1)(B)'s same "conduct, transaction, or occurrence" standard does not turn

24  on whether, as Regis puts it, Plaintiff filed "a conforming Complaint for a claim under the ADA"

25  to "put Regis on notice of the claim in the prior filing," or whether Plaintiff identified

26  "architectural barriers." Instead of focusing on notice of specific claims or legal theories, the rule

27  emphasizes "fair notice of the transaction, occurrence, or conduct called into question." <u>Martell v.

28
Case No.: <u>5:15-cv-02574-EJD</u>
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1   Trilogy, Ltd., 872 F.2d 322, 325 (9th Cir. 1989).  That sort of notice was provided at the outset of

2   this case, such that Regis "knows that the whole transaction described in it will be fully sifted, by

3   amendment if need be, and that the form of the action or the relief prayed or the law relied on will

4   not be confined to their first statement."  Id. at 326 (quoting Barthel v. Stamm, 145 F.2d 487, 491

5   (5th Cir. 1944)).

6          Because the ADA claim in the FAC relates back to Plaintiff's first pleading, the claim is

7   not barred by the statute of limitations.

8                              **b.  Failure to State a Claim**

9          To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) she is

10  disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

11  operates a place of public accommodation; and (3) the plaintiff was denied public

12  accommodations by the defendant because of her disability.  Arizona ex. rel. Goddard v. Harkins

13  Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010).

14         Regis does not directly challenge allegations concerning the first two elements of a Title III

15  claim, but argues that Plaintiff failed to adequately plead facts in support of the third element.

16  Specifically, Regis believes the FAC does not demonstrate that Plaintiff was denied access or

17  services but instead supports a "logical inference" that Plaintiff was able to utilize the salon

18  because she was seated in a chair before she was injured.  But whether termed as reasonable or

19  logical, the court must draw all inferences in Plaintiff's favor for this motion.  Usher, 828 F.2d at

20  561.  After doing so, the court has determined the FAC's ADA allegations are sufficient to

21  plausibly demonstrate that Plaintiff was denied public accommodations because of her disability.

22  While Regis infers something different, the asserted facts support an inference more favorable to

23  Plaintiff: that she was denied services at the salon because she was placed in an unsuitable chair,

24  ignored when she protested, and then injured before her hair could be washed.  This version of

25  events, if proven, cannot be excluded from the definition of "discrimination" provided in

26  subsections (ii) and (iii) of 42 U.S.C. § 12182(b)(2)(A).  Consequently, the court rejects Regis'

27  request to dismiss the ADA claim for failure to state a claim under Rule 12(b)(6).

28

Case No.: 5:15-cv-02574-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

## IV.   ORDER

Based on the foregoing, the motion to dismiss (Docket Item No. 12) is DENIED.  Regis'
request for judicial notice (Docket Item No. 13) is GRANTED.

**IT IS SO ORDERED.**

Dated:  January 8, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-02574-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS